SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA POPE, KENNETH J. ROBERTS, PAUL CAVANAGH, and PAUL LEWICKI,<br><br>Plaintiffs,<br><br>v.<br><br>DAN BRECHER, ESQ.<br><br>Defendant. | ECF CASE<br><br>CASE NO. 10 CV 5076 (SAS)<br><br>**ANSWER** |

Defendant, DAN BRECHER, as and for an Answer to the Complaint, alleges as follows:

1. Defendant admits that the Plaintiff Virginia Pope is a resident of Florida, that the Plaintiff Kenneth J. Roberts is a resident of California, that the Plaintiff Paul Cavanagh is a resident of Massachusetts and that Plaintiff Lewicki is a resident of New Jersey, and denies the remainder of the allegations set forth in paragraph 1 of the Complaint.

2. Defendant admits the allegations set forth in paragraph 2 of the Complaint.

3. Defendant admits that certain of the Plaintiffs contacted Defendant in connection with their seeking representation in the matter of Hunt, et al v Enzo Biochem, et al, and that their former attorney in that action was deceased at that time, and states that there were two other related proceedings on behalf of certain Plaintiffs not mentioned in paragraph 3 of the Complaint. Further, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 3 of the Complaint, and therefore, neither admits nor denies the remaining contents of that paragraph.

4. Defendant admits that he sent an email agreement to the Plaintiffs, which is a written agreement between the parties, and that other than emails and facsimile communications sent thereafter, there is no more formal written agreement in writing between the parties for the

retention of Defendant's services. Further, Defendant denies the remainder of the allegations as set forth in Paragraph 4 of the Complaint.

5. Defendant denies the allegations set forth in paragraph 5 of the Complaint which state that the agreement between the parties was that the $40,000 retainer payment referenced therein was due when the Plaintiffs "**had**" a trial schedule date; the email attached to the complaint states that when the Court "**sets** a trial schedule date a further $10,000 retainer payment by each plaintiff would be paid...." Defendant denies the allegation that Defendant said to Plaintiffs "that we are going to trial, even before we defeated the defendant's summary judgment." Defendant denies the remaining allegations as set forth in Paragraph 5 of the Complaint.

6. Defendant denies the allegations as set forth in paragraph 6 of the Complaint, except admits that, after Defendant's expenditure of move than 800 hours of the time of Defendant's firm, of which more than 600 hours was of Defendant's personal time, in voluminous discovery and motion practice, Enzo Biochem, Barry Weiner and Heiman Gross succeeded in obtaining dismissal of Plaintiffs' claims pursuant to a motion for summary judgment.

7. Defendant denies the allegations set forth in paragraph 7 of the Complaint.

8. Defendant denies the allegations set forth in paragraph 8 of the Complaint.

9. Defendant denies the allegations set forth in paragraph 9 of the Complaint.

10. Defendant admits that, among other actions taken by them against Brecher this year, the Plaintiffs have the right to go before a court, notwithstanding that they have already arbitrated their fee dispute with Defendant before the Joint Committee on Fee Disputes, and that the three member panel of arbitrators issued a decision stating that "upon the evidence adduced at the hearing, we find that the attorney has been paid in full for the services rendered and

disbursements incurred" and awarded Plaintiffs nothing. Defendant denies the remainder of the allegations as set forth in paragraph 10 of the Complaint.

11. Defendant denies the allegations as set forth in paragraph 11 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

12. Lack of service of the Complaint; insufficiency of process.

## SECOND AFFIRMATIVE DEFENSE

13. The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

14. The relief sought is barred by the doctrines of waiver, laches, estoppel and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

15. Plaintiffs are estopped and barred from recovery of any damages to the extent any damages sustained or suffered by Plaintiffs were in whole or in part, directly or proximately caused by the actions or inactions of Plaintiffs themselves, and/or they are estopped and barred from recovery based on the doctrine of in pari delicto.

## FIFTH AFFIRMATIVE DEFENSE

16. Plaintiffs were contributorily negligent and are barred from recovery of any damages.

## SIXTH AFFIRMATIVE DEFENSE

17. The relief sought is barred by the doctrine of ratification.

## SEVENTH AFFIRMATIVE DEFENSE

18. Any damages sustained by Plaintiffs resulted from their own acts and omissions.

## EIGHTH AFFIRMATIVE DEFENSE

19. Defendant hereby expressly reserves the right to assert additional affirmative defenses in the event discovery reveals bases for additional affirmative defenses.

**WHEREFORE,** having asserted affirmative and other defenses and having fully answered Plaintiffs' Complaint, Defendant requests that the Court dismiss the Complaint and enter judgment for the Defendant, and that the Court award Defendant his costs incurred in defending these claims to the extent allowed by law.

Dated: July 15, 2010
New York, New York

                                                Respectfully submitted

                                                Dan Brecher (DB-5308)
                                                Law Offices of Dan Brecher
                                                99 Park Avenue
                                                16th Floor
                                                New York, New York 10016
                                                (212)286-0747
                                                dbrecher@brecherlaw.com

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIRGINIA POPE, KENNETH J. ROBERTS, PAUL CAVANAGH, and PAUL LEWICKI, <br><br> Plaintiffs, <br><br> v. <br><br> DAN BRECHER, ESQ. <br><br> Defendant. | ECF CASE <br><br> CASE NO. 10 CV 5076 (SAS) <br><br> **AFFIDAVIT OF SERVICE** |

STATE OF NEW YORK      )
                       )ss:
COUNTY OF NEW YORK     )

SUSAN A. FOX, being duly sworn, deposes and says that: deponent is not a party to this action, is over 18 years of age and is employed by Law Offices of Dan Brecher, 99 Park Avenue, New York, New York 10016. On July 15, 2010, deponent served a copy of the Answer upon:

Virginia Pope
721 Fifth Avenue
Apt. 54B
New York, New York 10022

Virginia Pope
16400 Collins Avenue
Apt. 2443
Sunny Isles, Florida 33160

Kenneth J. Roberts
3099 Mandeville Canyon Road
Los Angeles, California 90049

and

Paul Lewicki
35 B 16th Avenue
Elmwood Park, New Jersey 07407

by depositing in a U.S. Postal mailbox a true copy in a properly addressed envelope with proper postage for sending via first class mail.

_____
Susan A. Fox

Sworn to before me this 15th day of
July, 2010.

_____
Notary Public

KENNETH CHANG OH
NOTARY PUBLIC-STATE OF NEW YORK
No. 02OH6017586
Qualified in New York County
My Commission Expires December 14, 20__