UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

VIRGINIA POPE, KENNETH J. ROBERTS, PAUL
CAVANAGH, AND PAUL LEWICKI,

                  Plaintiffs,

   - against -

DAN BRECHER,

                  Defendant.

------------------------------------------------------------------- X

**MEMORANDUM OPINION AND ORDER**

10 Civ. 5076

SHIRA A. SCHEINDLIN, U.S.D.J.:

On June 8, 2010, pro se plaintiffs Virginia Pope, Kenneth J. Roberts, Paul Cavanagh and Paul Lewicki filed a complaint in the Supreme Court of the State of New York alleging breach of contract claims worth over eighty thousand dollars against defendant Dan Brecher. Brecher timely filed a notice of removal based on diversity jurisdiction on July 7, 2010. While plaintiffs did not object to removal at that time, they now seek leave to amend their Complaint for purposes of divesting this Court of subject-matter jurisdiction.[1] Brecher opposes their motion

---

[1] See 7/22/10 Notice of Motion to Amend Complaint (seeking to pursue damages of forty thousand dollars and alleging that plaintiffs Pope and Roberts are citizens of New York). Plaintiffs do not propose any alterations to the Complaint other than those bearing on diversity jurisdiction.

on both procedural and substantive grounds.[2]

Before addressing plaintiffs' motion, however, the Court must first determine whether Brecher correctly removed this case from state court.[3] "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."[4] Thus, a defendant seeking to remove a case from state court must assert a basis upon which the district court may exercise original jurisdiction. "When a federal court examines the propriety of a removal, it must evaluate . . . any jurisdictional fact[] 'on the basis of the pleadings, viewed at the time when the

---

[2] Brecher argues that the motion was not properly signed or served, and opposes the proposed amendments regarding plaintiffs' residences and the amount in controversy. Brecher states, however, that he will withdraw his opposition to the motion if the court determines that it will still have subject-matter jurisdiction. *See* Defendant's Opposition to Motion to Amend Complaint ("Def. Opp."), at ¶¶ 2, 3, 6, 7, 9.

[3] *See, e.g., Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007) (noting that the existence of subject matter jurisdiction is a threshold inquiry); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) ("[B]y whatever route a case arrives in federal court, it is the obligation of both district court and counsel to be alert to jurisdictional requirements."); *Thomas and Agnes Carvel Foundation v. Carvel*, — F. Supp. 2d —, No. 09 Civ. 5083, 2010 WL 3303777, at *7 (S.D.N.Y. Aug. 20, 2010) ("[W]e are required to examine our jurisdiction *sua sponte*.").

[4] *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).

1

defendant files the notice of removal."⁵

Here, Brecher invoked diversity of citizenship, under which federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."⁶ Because plaintiffs' Complaint asserts damages of eighty thousand dollars plus incidental expenses, the amount in controversy requirement is met.⁷ Yet the Complaint does not allege complete diversity among the parties.⁸ Plaintiffs Pope and Roberts are alleged to have dual residency in New York and, respectively, Florida and California, while Brecher is also a resident of New York.⁹ While an individual may not have more than one domicile for diversity purposes, it is unclear from the pleadings which state may

---

⁵ *Keenan v. Macy's Inc.*, No. 10 Civ. 4672, 2010 WL 3167731, at *2 (S.D.N.Y. Aug. 9, 2010) (quoting *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2003)).

⁶ 28 U.S.C. § 1332(a).

⁷ *See* Complaint ("Compl."), ¶ 11.

⁸ *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) ("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, provided that no defendant "is a citizen of the State in which such action is brought.") (citations omitted).

⁹ *See* Compl. ¶ 1.

properly be described as either Pope's or Roberts' residence. Such ambiguity is sufficient to defeat this Court's jurisdiction: "To remove a case based on diversity jurisdiction, it is incumbent upon the diverse defendant to aver that all the requirements of diversity jurisdiction have been met."[10]

"To that end, the party asserting jurisdiction bears the burden of proving that the case is properly in federal court and that party may not be relieved of [its] burden by any formal procedure."[11] Brecher provides no evidence in support of his contention that none of the plaintiffs are New York residents. He asserts only that "[t]o the best of my recollection, it had previously been alleged and determined by this Court that all of the Plaintiffs resided and declared their residences to be in states other than New York."[12] While this is true, the plaintiff's

---

[10] *Bounds v. Pine Belt Mental Health Resources*, 593 F.3d 209, 215 (2d Cir. 2010) (citing 28 U.S.C. § 1446). *Accord United Food & Comm. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("[I]f the averring party's allegations of jurisdictional facts are challenged by its adversary . . . the averring party must support them by competent proof. Where . . . jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper.") (citation omitted).

[11] *United Food*, 30 F.3d at 301.

[12] Def. Opp. ¶ 5. Brecher is presumably referring to this Court's Opinion in the related matter of *Hunt v. Enzo Biochem, Inc.*, 471 F. Supp. 2d 390, 400-01 (S.D.N.Y. 2006) (noting that Roberts is a resident of California, Pope is a resident of Florida, and Cavanagh is a resident of Massachusetts). Lewicki's residence is not addressed in the Opinion.

3

residence may well have changed prior to the filing of this lawsuit. The critical inquiry is whether diversity jurisdiction existed at the time this action was commenced.[13]

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[14] Because the Complaint fails to allege complete diversity of citizenship and because defendant has not met his burden of establishing that this Court may exercise subject matter jurisdiction over this matter, this case is remanded to the state court for a decision on the merits. The Clerk of the Court is directed to close this motion [Docket No. 4] and this case.

---

[13] *See Freeport-McMoRan, Inc., v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (noting "the well-established rule that diversity of citizenship is assessed at the time the action is filed"). If the defendant learns new facts to support his contention that the amount in controversy and diversity requirements necessary for federal jurisdiction are met, or is otherwise able to show good cause for removal, the defendant may file a second notice of removal. *See* 28 U.S.C. § 1446(2).

[14] 28 U.S.C. § 1447(c).

4

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         September 28, 2010

## - Appearances -

**Plaintiffs (Pro Se):**

Virginia Pope
721 5th Ave Apt. 54B
New York NY 10022
310 936-3099

**For Defendant:**

Dan Brecher, Esq.
Law Office of Dan Brecher
99 Park Avenue
16th Floor
New York, NY 10016
212 286-9206

6